## Wissler's Estate

*Joseph B. Wissler*, for accountant.

BURKHOLDER, P. J., November 15, 1937.—John B. Wissler died testate on November 18, 1913, having by his last will and testament created a trust for the use of his daughter, Alice O. Lane, with right of disposition of the remainder.

Alice O. Lane died testate January 9, 1921, having by her last will and testament exercised her right to dispose of said remainder, and placed the same in trust with The Lancaster Trust Company for the use of her daughter, Alice W. Lane, now Alice Lane Goodhart, for life.

In due course this fund came into the control of The Lancaster Trust Company as trustee for use of Alice Lane Goodhart.

The Lancaster Trust Company was disqualified, and The Fulton National Bank of Lancaster, Pa., was appointed substituted trustee in its stead. An adjudication was filed June 14, 1934, and the investments of the trust estate were awarded in kind to the substituted trustee.

One of the said investments was a $2,000 mortgage on premises 552 Palm Street, Lancaster, Pa. The substituted trustee foreclosed this mortgage and purchased the property at the sheriff's sale.

Said sale was held April 12, 1935; the deed was dated May 6, 1935, and the total purchase price is stated to be $2,797.98, including principal and interest due on said mortgage. This figure is undoubtedly incorrect, as a credit in the account shows a payment of $112.77 as the total amount expended so far by the trustee in acquiring title to the property.

The account as filed shows a balance of rents of $89.76 received from this property from June 1934 to the date of the sheriff's sale. However, this accounting includes certain rents collected by the receiver of the prior trustee and includes proceeds of "demand loan obtained from the commercial department" of the substituted trustee, which was repaid and is credited against rents received since the acquiring of the title. There is also an account of rents received since the acquiring of the title in the sum of $108.68.

Counsel for accountant has requested the court to apply the principles set forth in Nirdlinger's Estate (No. 2), 327 Pa. 171. It is not possible to apply these principles, as the real estate has not been sold and the proceeds of the sale of the same are not before the court for adjudication. An appraisal value is not sufficient.

The substituted trustee is directed to pay all the balances of rents in the present accounting to the life bene-

ficiary, leaving the adjustment of the costs of the sheriff's sale and other matters involved for determination when the said real estate shall have been converted into cash.